**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

| | | |
|---|---|---|
| MEDICIS PHARMACEUTICAL CORPORATION, | : | |
| Plaintiff | : | |
| | | |
| v. | : | CIVIL ACTION NO. 09-3062 (JFM) |
| | | |
| LUPIN LTD. & LUPIN PHARMACEUTICALS INC.; | : | |
| Defendants. | : | |
| | | |
| MEDICIS PHARMACEUTICAL CORPORATION, | : | |
| Plaintiff | : | |
| | | |
| v. | : | CIVIL ACTION NO. 09-3464 (JFM) |
| | | |
| BARR LABORATORIES, INC. & TEVA PHARMACEUTICALS USA INC., | : | |
| Defendants. | : | |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, each of the parties to the above captioned actions (the "Actions") may seek discovery of documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party;

IT IS HEREBY STIPULATED between the parties and ORDERED as follows:

1.    "Confidential Information" shall mean and include any document (whether in hard copy or computer-readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production or other information provided in discovery in these Actions ("Discovery Material"), which is designated by the producing party as "Confidential" as described below and which contains non-public, confidential or proprietary information, whether

1

personal or business-related.  Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Highly Confidential."  The "Highly Confidential" designation shall be reserved for Confidential Information that constitutes, reflects or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Material (the "Designating Party" or "Producing Party").  All such Confidential or Highly Confidential designations shall be made in good faith by the Designating Party and made at the time of disclosure, production or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is retroactively subject to the protections of this Protective Order from the time of its production.  Further, prior to any retroactive designation as Confidential or Highly Confidential, any Receiving Party shall not be in violation of the terms of this Order to the extent any Discovery Material is disseminated by the Receiving Party in reliance on the inadvertent failure of the Producing Party to designate such Discovery Material as Confidential or Highly Confidential.  Designations of Confidential or Highly Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation.

2.      The designation of Discovery Material in the form of documents, responses to admissions and interrogatories or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pretrial testimony as Confidential or Highly Confidential shall be made by the Designating Party in the following manner:

a.      Documents designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation

applies.  Such designated Discovery Material shall, to the extent practical, be identified by production number.  To the extent practical, the Confidential legend shall be placed near the production number.

b.      Documents designated "Highly Confidential" shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Highly Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.  Such designated Discovery Material shall, to the extent practical, be identified by production number.  To the extent practical, the Highly Confidential legend shall be placed near the production number.

c.      If a document has more than one designation, the more restrictive or higher confidential designation applies.

3.      Confidential Information and Highly Confidential Information shall not include any Discovery Materials which:

a.      Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in these Actions or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

b.      Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order.  Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

4.      Subject to paragraphs 5, 6 and 7 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Protective Order in these Actions are:

a.      Outside counsel of record to all parties to these Actions, i.e.:

(1)     Weil, Gotshal & Manges LLP and Zuckerman Spaeder LLP, attorneys of record for plaintiffs Medicis Pharmaceutical Corporation ("Medicis"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

(2)     Leydig Voit & Mayer, Ltd. and Semmes, Bowen & Semmes, attorneys of record for defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively "Lupin"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

(3)     Willkie Farr & Gallagher, LLP and Astrachan Gunst Thomas, P.C., attorneys of record for defendants Barr Laboratories, Inc. and Teva Pharmaceuticals USA, Inc. (collectively "Barr"), and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

b.      For each of Medicis, Lupin, and Barr, a total of four (4) in-house employees, whose names are listed below and who have responsibility for maintaining, defending or evaluating this litigation, as well as their secretaries, paralegals and other support personnel.  The approved in-house employees are as follows:

|  | Medicis | Lupin | Barr |
| --- | --- | --- | --- |
| Name<br>Title |  |  |  |
| Name<br>Title |  |  |  |
| Name<br>Title |  |  |  |

| Name Title | | | |
|---|---|---|---|

If a party identifies fewer than four (4) in-house employees in this Protective Order, such party may identify additional in-house employees for inclusion on this list (up to a total of four (4) employees, as provided above) following execution of this Protective Order by providing written notice of the names of the additional in-house employees to the other party pursuant to paragraph 7.  The parties to these Actions may substitute in-house employees for good cause shown.

c.     Retained independent consultants, vendors or experts for Medicis, Lupin, or Barr (as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any competitor of any party to this litigation;

d.     The following individuals, who may see documents or information created by a Producing Party that contain a Producing Party's Confidential Information, as set forth below:

(1)     The authors, senders, addressees and intended copy recipients of such Confidential Information and employees of the Producing Party;

(2)     Anyone who received the documents or information prior to the commencement of these Actions;

(3)     Anyone who received the document or information during these Actions but only if he or she obtained the document or information independently and outside of these Actions and not in violation of this Order;

(4)     Anyone who is a current employee of the Producing Party;

(5)     Anyone who is a previous employee of the Producing Party provided that (a) based on evidence, the previous employee is reasonably believed to have had access to the Confidential Information in the past, (b) the previous employee of

the Producing Party is not employed or retained by the Receiving Party, (c) the previous employee of the Producing Party is not employed or retained by a competitor of the Producing Party, and (d) the Confidential Information is shared with the previous employee of the Producing Party only during a deposition or other testimony taken in these Actions;

e.   The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to these Actions; and

f.   Outside document copying services (*e.g.*, Ikon, Xerox) and/or document coding or computerization services (*e.g.*, Quorum/Lanier).  For purposes of this paragraph 4(f), "document" refers to paper documents, electronically stored information (ESI), video tapes, CD-ROMs, computer discs and other similar media.  The outside counsel providing Confidential or Highly Confidential documents to outside document copying services or document coding or computerization services shall be responsible for that service's compliance with the provisions of this Protective Order.

g.   Notwithstanding the other provisions of this Order, information produced and designated as Confidential Information or Highly Confidential Information by a Defendant shall not be provided, shown, made available, or communicated in any way to another Defendant by Plaintiff without the consent of the producing Defendant.

5.   a.   Any Highly Confidential Information designated under this Protective Order shall be treated the same as Confidential Information with the following exceptions: there shall be no access by Qualified Persons pursuant to paragraph 4(b) to Highly Confidential Information, except that, for each side, two (2) employees of the party or its affiliate whose names are listed below and who are also listed in paragraph 4(b) may have access to material designated as Highly Confidential, subject to the following restrictions.  There shall be no access to Highly Confidential Information by any Qualified Persons who (1) directly participate in and/or are substantively involved in the prosecution, including reexamination, of patents related to Minocycline HCl before the United States Patent and Trademark Office ("USPTO"), (2) directly

participate in the regulatory approval of Minocycline HCl Extended Release before the United States Food and Drug Administration in any proceeding other than this proceeding; and/or (3) are employed in or who have direct oversight of sales or marketing of Minocycline HCl products.

|  | Medicis | Lupin | Barr |
|---|---|---|---|
| Name<br>Title |  |  |  |
| Name<br>Title |  |  |  |

b.       Subject to the provisions of paragraph 6 below, a party to these Actions may substitute employees identified in this paragraph 5(a) upon notice to counsel of record for all other parties to these Actions.

6.       Qualified Persons defined in paragraphs 4(b) and 4(c) shall be allowed access to Confidential Information, or Highly Confidential Information, as limited by paragraphs 4, 5 and 7 of this Protective Order, only after complying with the following procedure:

a.       Each party shall prepare a written list, in a form similar to that attached hereto as Exhibit A, setting forth the name of the person, his or her occupation and business address, for each person described in paragraphs 4(b) and 4(c) who reviews or is given access to Confidential Information or Highly Confidential Information.  The parties to these Actions shall be allowed to disclose Confidential Information or Highly Confidential Information to such persons unless, within five (5) business days after the identity of the person (and, for persons described in paragraph 4(c), a curriculum vitae of the retained person) has been provided to the Designating Party's outside counsel of record, the Designating Party objects in good faith to the disclosure of Confidential Information or Highly Confidential Information to the particular person.  If objection to disclosure is made within the five (5) business days, the objecting party shall, no later than five (5) business days after objection, petition the Court for an order

prohibiting the disclosure at issue.  The objecting party shall have the burden of persuasion that disclosure should not be made.  If an objection is made, no Confidential Information or Highly Confidential Information shall be made available to the person objected to unless the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

b. Before receiving any Confidential Information or Highly Confidential Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit B, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.  In-house attorneys authorized to receive Confidential Information or Highly Confidential Information shall not be required to execute the acknowledgment form, but shall otherwise be bound by its terms.

c. Outside counsel for each Receiving Party shall retain a copy of each such written list (Exhibit A) and acknowledgment form (Exhibit B), and shall serve opposing counsel with a copy of such upon execution and thereafter upon revision of such documents.

7. Confidential Information and Highly Confidential Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and its authorized representatives or designees under this Protective Order solely for the purpose of these Actions and any appeals therefrom, and shall not be made available, disclosed, or summarized to any persons, except as permitted by paragraphs 4-7 of this Protective Order.  Confidential Information and Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

8. Any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

8

9.      If Confidential Information or Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information or Highly Confidential Information and make every reasonable effort to retrieve such Confidential or Highly Confidential Information and to prevent further disclosure.

10.     When Confidential Information or Highly Confidential Information is discussed, quoted or referred to in any deposition, the party which is about to discuss, quote, or refer to such Information shall ensure that only persons permitted by paragraphs 4-7 of this Protective Order to have access to such Information are present.  The use of any such Confidential or Highly Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

11.     During the course of preparing for a deposition or testimony, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents pursuant to paragraphs 4(d) and 5 of this Protective Order.  Use of Confidential Information or Highly Confidential Information during a deposition shall be subject to compliance with this Order.

12.     Any deposition transcript containing Confidential Information or Highly Confidential Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" as appropriate, and shall indicate as appropriate within the transcript what information has been so designated.  Whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential or Highly Confidential Information) or when the Confidential Information or Highly Confidential Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information and separately bind it from the non-

confidential portions.  However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential or Highly Confidential Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising counsel for other parties in writing, and with page and line designations, within thirty (30) business days after receipt of the transcript. Until thirty (30) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Highly Confidential unless a prior confidentiality designation has been made.  In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as "Highly Confidential" or "Confidential" whichever protection is being sought, until this Court rules otherwise.

13.     Any pleading, paper or other document filed in these Actions which contains or discloses Confidential Information or Highly Confidential Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court.  When filing pleadings that contain Confidential or Highly Confidential Information, the party so filing shall designate the following on the first page of filed documents: "UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL MATERIAL" and file a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion").  The Interim Sealing Motion shall be governed by L.R. 105.11.  Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 15.

14.     Entering into, agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information or otherwise complying with the terms of this Protective Order shall not:

a.    Operate as an admission by any party that any Discovery Material designated as Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b.    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information or Highly Confidential Information;

c.    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or evidence subject to this Protective Order;

d.    Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information or Highly Confidential Information should be subject to the terms of this Protective Order;

e.    Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

f.    Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

g.    Prevent any Designating Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information or Highly Confidential Information by that party.

15.    The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential Information or Highly Confidential Information, to

challenge or object to the Confidential or Highly Confidential designations shall not be deemed a waiver of its right to challenge or object to the Confidential or Highly Confidential Information designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential or Highly Confidential Information and may request permission to use or disclose information with Confidential or Highly Confidential designations other than as permitted, pursuant to this paragraph by serving (by e-mail transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the e-mail is transmitted. Such request shall specifically identify the Confidential Information or Highly Confidential Information including production numbers, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

16.     Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

17.     In the event that a party seeks discovery via subpoena or similar court order from a third party, all Parties shall treat any documents or things produced by the third party in response to the subpoena as if designated Highly Confidential for a period of ten (10) business days from the date of receipt thereof, regardless whether such documents or things have been so designated by the third party. To the extent any party has a good faith basis to believe that any such documents

or things produced by the third party disclose or include its Confidential or Highly Confidential Information, such party shall be permitted to designate the information produced as Confidential or Highly Confidential in accordance with the terms of this Stipulation and Protective Order. After ten (10) business days from the date of receipt of any information or things produced by a third party, the parties shall treat such documents and things in accordance with the designations, if any, made by the third party or any Receiving Party, whichever provides the greatest level of protection, subject to the right of any other Party to challenge any such designation in accordance with the terms of this Protective Order.

18.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall immediately notify the Receiving Party in writing when inadvertent production is discovered.  Such notification by the Producing Party shall constitute "reasonable steps" to rectify the inadvertent production within the meaning of Fed. R. Evid. 502(b)(3).  Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information and all copies thereof shall be destroyed by counsel for the Receiving Party, and counsel shall not use such information for any purpose.  The Receiving Party shall confirm the destruction of all such information in writing within five (5) days of receiving the Producing Party's request.  The Producing Party must then disclose the basis for its assertion of privilege by listing any inadvertently produced documents in a privilege log within 30 days of receiving the Receiving Party's confirmation that all copies of the inadvertently produced documents have been destroyed.  If the parties disagree about the disposition of such material after conferring in good faith, then either side may move the Court for a resolution of the dispute.  Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced

information shall immediately be treated in conformance with the protected nature of the information.  For the purposes of this paragraph, the term "inadvertent" means "inadvertent," as the term is used in Fed. R. Evid. 502(b).

19.    Counsel's Right to Provide Advice.  Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to these Actions, and in the course thereof, relying upon an examination of Confidential or Highly Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose the Confidential or Highly Confidential Information, nor the source of any  such Information, to anyone not authorized to receive it pursuant to the terms of this Order.

20.    Handling of Confidential Information at the Conclusion of the Litigation.

a.    All provisions of this Protective Order restricting the use information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order after the conclusion of these Actions, including all appeals and any regulatory agency review, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated Confidential or Highly Confidential, shall, at the request of the Producing Party, be returned to the party within sixty (60) days after the later of a final judgment herein, the mandate has issued in the case of an appeal, or settlement of these Actions or, at the option of the Producing Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files archival copies of documents as further provided in subparagraph 20(g) below.  In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information or Highly Confidential Information to another party absent subpoena or court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In the event that

documents are returned to or destroyed at the request of the Producing Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

b.      The Parties acknowledge and understand that material containing Confidential or Highly Confidential Information may be disclosed or transmitted by and between the Parties in electronic form or may be otherwise converted to electronic form by the Receiving Party. Furthermore, the Parties acknowledge and understand that, during the course of this litigation, Confidential and Highly Confidential Information that resides in electronic form, may be transferred to and stored on the computer systems of:

(i)      outside counsel;

(ii)     in-house counsel;

(iii)    outside expert witnesses and consultants; and

(iv)     "off-site hosting" litigation support services providers.

c.      The Parties agree to maintain such Confidential and Highly Confidential Information that is transmitted or maintained in electronic form in accordance with this Order, including, without limitation, maintaining electronic information on computer systems that contain reasonable safeguards to prevent access by unauthorized persons.

d.      Upon final termination of this litigation, the Clerk of the Court may return to counsel for the parties, or destroy, any sealed material containing Confidential or Highly Confidential Information.

e.      Upon final termination of this litigation, any material containing Confidential or Highly Confidential Information that resides in tangible form (e.g. paper documents) shall be accounted for and either (i) destroyed; or (ii) returned to the Party or counsel that provided those materials, subject to paragraphs 20(f) and 20(g) below.

f.      Upon final termination of this litigation, any material containing Confidential Information that resides in electronic form shall be accounted for and deleted from active memory and any other immediately available electronic storage media.  Furthermore, the

Parties shall, on request, provide written certification to each other certifying their compliance with this provision.  Moreover, the Parties shall be responsible for securing from their respective expert witnesses, consultants, and off-site hosting litigation support services providers appropriate written certification that they have complied with this provision.

g.      The parties and their respective representatives, attorneys, experts, consultants, and litigation support services providers, shall thereafter be prohibited from restoring such deleted electronic files through the employment of "undelete" software and other similar, computer forensics techniques, except to the extent required by a disaster recovery program that requires the restoration of data from otherwise inaccessible media.  The Parties, however, shall not be required to remove material containing Confidential or Highly Confidential Information that resides in electronic form on media that is maintained in the usual course of business primarily for archival and disaster recovery purposes.  Notwithstanding the foregoing, the Parties shall continue to preserve any material maintained on archival/disaster recovery media that contains Confidential Information in accordance with this Order until such archival/disaster recovery media is overwritten or destroyed in the usual course of business.

h.      Notwithstanding the foregoing provisions of this section, each law firm listed in paragraph 4(a) of this Order may retain one paper archival copy and one electronic archival copy ("permitted archival copy") of correspondence between counsel in this case, Court transcripts, Court exhibits, deposition transcripts, deposition exhibits, discovery responses, mediation briefs, filings with the Court, pleadings, and exhibits to those filings and pleadings, even though such papers may contain designated Confidential or Highly Confidential Information.  For the avoidance of doubt, the parties are not permitted to otherwise retain any other production documents designated as "Confidential" or "Highly Confidential" as part of the permitted archival copy.

16

i.      Nothing in this section shall obligate any party to destroy its own Confidential or Highly Confidential Information at the close of this litigation or at any other time.

21.     The Parties agree that they will not request and are not under any obligation to preserve or produce any correspondence or other communication with any retained testifying experts, notes of any oral or written correspondence with any retained testifying experts, notes taken by any retained testifying expert, or any correspondence or other communication between the expert and his or her clerical or support staff unless such materials are relied upon by said experts in forming their opinions.  Nor will the Parties request nor are they under any obligation to preserve or produce any drafts of expert reports or drafts of any other documents prepared by or on behalf of the expert.

22.     Any violation of the terms of this Protective Order shall be punishable by such relief as deemed appropriate by the Court.

23.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

24.     Third parties who produce information in these Actions may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

25.     The references to "Plaintiffs" and "Defendant" in this Protective Order are for convenience and are of no significance for other purposes, including, for example, determining trial presentation order.

26.     The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

AGREED:

**ZUCKERMAN SPAEDER LLP**

_____/s/_____

Herbert Better (#00320)
hbetter@zuckerman.com
A. Paul Pineau (#28674)
ppineau@zuckerman.com
100 East Pratt Street
Suite 2440
Baltimore, MD 21202-1031
Telephone: (410) 332-0444
Facsimile: (410) 659-0436

**WEIL, GOTSHAL & MANGES LLP**

Matthew D. Powers (pro hac vice)
matthew.powers@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Elizabeth Weiswasser (pro hac vice)
Elizabeth.weiswasser@weil.com
Jennifer H. Wu (pro hac vice)
jennifer.wu@weil.com
Josephine Young (pro hac vice)
Josephine.young@weil.com
767 Fifth Avenue
New York, NY 10153-0019
Telephone: (212) 310-8683
Facsimile: (212) 310-8007

*Attorneys for Plaintiff Medicis*
*Pharmaceutical Corporation*

**SEMMES, BOWEN & SEMMES**

_____/s/_____

Paul N. Farquharson (#06514)
*(signed by Herbert Better with permission*
*of Paul N. Farquharson)*
pfarquharson@semmes.com
Scott H. Phillips (#13244)
sphillips@semmes.com
25 South Charles Street, Suite 1400
Baltimore, MD 21201
Telephone: (410) 539-5040
Facsimile: (410) 539-5223

**LEYDIG, VOIT & MAYER, LTD**

Robert F. Green (pro hac vice)
rgreen@leydig.com
Christopher T. Griffith (pro hac vice)
cgriffith@leydig.com
Salim A. Hasan (pro hac vice)
shasan@leydig.com
Kate M. Lesciotto (pro hac vice)
klesciotto@leydig.com
Two Prudential Plaza -- Suite 4900
180 North Stetson Street
Chicago, IL 60601-6780
Telephone: (312) 616-5600
Facsimile: (312) 616-5700

*Attorneys for Defendants Lupin Limited and*
*Lupin Pharmaceuticals Inc.*

**ASTRACHAN, GUNST, THOMAS, &
RUBIN, P.C.**


_____/s/_____
James B. Astrachan (#03566)
*(signed by Herbert Better with permission
of James B. Astrachan)*
jastrachan@agtlawyers.com
Daniel P. Doty (#28247)
217 East Redwood Street, 21st Floor
Baltimore, MD 21202
Telephone: (410) 783-3520


**WILLKIE FARR & GALLAGHER LLP**

Thomas J. Meloro (pro hac vice)
tmeloro@willkie.com
Eugene L. Chang (pro hac vice)
echang@willkie.com
Michael W. Johnson (pro hac vice)
mjohnson1@willkie.com
Chandra E. Garry (pro hac vice)
cgarry@willkie.com
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8000

*Attorneys for Defendants Barr
Laboratories, Inc. and Teva
Pharmaceuticals USA, Inc.*




SO ORDERED this _____day of _____ 2010:




_____
Honorable J. Frederick Motz, Judge

EXHIBIT A

List of QUALIFIED PERSONS, PARAGRAPHS 4(b) and 4(c)

| NAME | BUSINESS ADDRESS | OCCUPATION/ TITLE | GOVERNING PARAGRAPH | DATE IDENTIFIED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Northern Division*

MEDICIS PHARMACEUTICAL       :
CORPORATION,
     Plaintiff                       :

v.                                 :       CIVIL ACTION NO. 09-3062 (JFM)

LUPIN LTD. & LUPIN                  :
PHARMACEUTICALS INC.;
     Defendants.               :
_____

MEDICIS PHARMACEUTICAL       :
CORPORATION,
     Plaintiff                        :

v.                                 :       CIVIL ACTION NO. 09-3464 (JFM)

BARR LABORATORIES, INC. & TEVA   :
PHARMACEUTICALS USA INC.,
     Defendants.               :

       I hereby certify: (i) my understanding that Discovery Material and/or

Confidential and/or Highly Confidential Information are being provided to me pursuant to

the terms and restrictions of the Protective Order (the "Order") entered by the United States

District Court for the District of Maryland (the "District Court") in this Action; and (ii) that I

have read the Order.  I understand the terms of the Order, I agree to be fully bound by the

Order, and I hereby submit to the jurisdiction of the District Court for purposes of

enforcement of the Order.  I understand that violation of the Order may be punishable by

contempt of Court.

Dated: _____      Signature: _____

                                       Name: _____

Address: _____

_____

_____